Deutsch *et ux. v.* Korsmeier.

---

DEUTSCH ET UX. *v.* KORSMEIER.

PLEADING.—*Promissory Note.*—In an action on a promissory note, an averment in the complaint, that "the defendant is indebted to the plaintiff by his promissory note," etc., is equivalent to an averment that such note is due and unpaid.

SAME.—*Fraudulent Conveyance of Land.*—A complaint by a creditor, to set aside an alleged fraudulent conveyance by the debtor of his real estate, and to subject the same to execution, must allege, that, at the date of such conveyance, the debtor had not sufficient other property left to satisfy his debts.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler* and *V. Bisch,* for appellants.

*J. E. Williamson* and *A. Brauns,* for appellee.

BIDDLE, C. J.—Complaint by the appellee, against Henry Schneider and Peter Deutsch, on a promissory note made by them to the appellee, and also to set aside a conveyance of certain lands made by Peter Deutsch and Susan Deutsch, his wife, to John Bump, and also a conveyance of the same lands made by John Bump to Susan Deutsch; both of which conveyances are alleged to have been made without consideration, and to hinder, delay and defraud the creditors of Peter Deutsch; alleging the insolvency of Peter Deutsch and Henry Schneider, and praying that the lands may be subjected to the payment of the note.

There was a return, on process, of not found as to Schneider.

Peter and Susan Deutsch demurred to the complaint,

alleging, as ground, the want of facts to constitute a cause of action. Their demurrer was overruled, and exceptions reserved.

Answer of general denial; trial by the court; finding that the facts stated in the complaint were true, for the amount due on the note, that the conveyances were fraudulent, and decreeing the land to be sold to pay the judgment.

The case was properly prepared for this court, an appeal taken, and two questions presented here for our decision: 1. The sufficiency of the complaint; 2. The sufficiency of the evidence to sustain the finding.

1. The objections made to the complaint are, first, that it contains no averment of the non-payment of the note; and, second, no averment that Henry Schneider and Peter Deutsch, at the time the conveyances were made, had not other property, besides the land in controversy, sufficient to pay their debts.

The averment as to the note is, that the defendants are indebted to the plaintiff by their promissory note, a copy of which, etc. This, we think, is equivalent to an averment that the note is unpaid. They could not be indebted by their note, if the note had been paid.

The averment as to Schneider and Peter Deutsch not having other property, besides the land, sufficient to pay their debts, at the time the conveyances were made, is as follows:

"That said Schneider has left the State of Indiana, leaving no property or effects out of which plaintiff can collect his debt, or any part thereof, and that plaintiff could not get service of process upon him; that said Peter is wholly insolvent, unless said conveyance is, as plaintiff charges, fraudulent and void."

The note sued on is dated February 16th, 1869, due one year after date; the conveyances charged to be fraudulent are alleged to have been made in September and Oc-

tober, 1870; this suit was commenced on the 15th day of October, 1875.

We can not hold the averment in the complaint, stated in the present tense, as sufficient. It should appear that Schneider and Peter Deutsch, at the time the conveyances alleged to be fraudulent were made, had not, besides the land in controversy, property sufficient to pay their debts. This question has recently undergone careful consideration in the case of *Sherman* v. *Hogland*, 54 Ind. 578, NIBLACK, J., delivering the opinion of the court, and therein fully settled.

The court erred in overruling the demurrer of the appellants to the complaint.

We are relieved from examining the question as to the sufficiency of the evidence to sustain the finding.

The judgment is reversed, with costs, and the cause remanded for further proceedings, according to this opinion.

Petition for a rehearing overruled.