### DOWNEY ET AL. *v.* WHITTENBERGER.

PLEADING.—*Complaint on Promissory Note.*—An averment in a complaint on a promissory note, that a certain sum "*is due,* as principal and interest, on said note," is equivalent to an averment that the note remains unpaid.

From the Fulton Circuit Court.

*K. G. Shryock* and *I. Conner,* for appellants.

*D. Turpie, H. D. Pierce* and *Parmelee, Norton & Calkins,* for appellee.

NIBLACK, J.—This was a suit by Jacob Whittenberger, against Levi M. Downey, John W. Davis and Benjamin F. Montgomery, on a promissory note payable to one C. D. Jones, for the sum of six hundred dollars, with ten per cent. interest from date, and ten per cent. attorney's fees, in case of suit, and endorsed by the said Jones to one Emma Brown, and by her endorsed to the plaintiff.

The complaint describes the note, and the endorsements upon it, in substantially the usual form, and concludes as follows:

"That there is due, as principal and interest, on said note, the sum of 670 $\frac{80}{100}$ dollars, and as attorney's fees the further sum of 67 $\frac{8}{100}$ dollars, making a total now due of 737 $\frac{88}{100}$ dollars."

This averment was followed by a demand for judgment, and for all other proper relief.

The note, with the endorsements, was filed with the complaint.

The defendants demurred to the complaint, for want of sufficient facts to constitute a cause of action, and their demurrer being overruled, they refused to answer further, and judgment was rendered against them, for the amount of the note, together with interest and attorney's fees.

The objection to the complaint is, that it did not aver that the note remained unpaid.

It has been several times held by this court, that such

an averment, in terms or in equivalent words, is necessary in a complaint on a note (*Green* v. *Louthain*, 49 Ind. 139, and cases there cited); but we think that the portion of the complaint quoted above showed sufficiently that the note sued on had not been paid, and was equivalent to an averment that it remained unpaid. *Deutsch* v. *Korsmeier*, 59 Ind. 373.

We can not hold, that the court erred in overruling the demurrer to the complaint.

The judgment is affirmed, at the costs of the appellants.