## FRIDDLE ET AL. *v.* CRANE ET AL.

PROMISSORY NOTE.—*Reference to in Complaint.—Identification.*—Where a complaint on a promissory note refers to such note as "herewith filed," and such a note as the one described is actually filed with and accompanies the complaint, it is sufficiently identified.

SAME.—*Averment that Note is Unpaid.—Demurrer.—Pleading.*—A complaint on a promissory note must contain an averment, either in terms or equivalent words, that the note remains unpaid, or it will be insufficient upon demurrer for want of facts.

SAME.—*Amendment.—Supreme Court.—Practice.*—A complaint, bad upon demurrer for want of facts, can not be deemed amended in the Supreme Court.

SAME.—*Judgment founded on bad Complaint.*—A judgment founded upon a bad complaint, not cured by the verdict, can not be maintained

From the Delaware Circuit Court.

*J. N. Templer* and *R. S. Gregory,* for appellants.

*T. J. Sample* and *W. March,* for appellees.

NIBLACK, J.—This was an action by Henry L. Crane and John F. McQuaid, against David Wasson and John W. Friddle, on a promissory note.

Omitting the caption and signature of counsel, the complaint was as follows:

" Henry L. Crane and John F. McQuaid complain of David Wasson and John W. Friddle, and say that, on the 2d day of October, 1873, the defendants, by the name of Wasson & Friddle, made their certain note, which is herewith filed, by which they promised, four months after date, to pay to the plaintiffs, by the name of Crane & McQuaid, the sum of three hundred and sixty-four $\frac{20}{100}$ dollars and attorney's fees if suit be instituted on the note, value received, without relief from valuation laws, with ten per cent. after maturity. The attorney's fees are worth eighty dollars. Plaintiffs asked judgment for five hundred and twenty dollars, and other relief."

A note, corresponding in all respects with the descrip-

tion of the note alleged to have been executed as above, was filed with the complaint.

Friddle demurred separately to the complaint for want of sufficient facts, but his demurrer was overruled. Wasson made default.

The court trying the cause made a finding in favor of the plaintiffs for the amount of the note, with interest and attorney's fees, and rendered judgment against both of the defendants.

The defendants have appealed, and both have assigned error upon the overruling of Friddle's demurrer to the complaint.

It is contended that the complaint was bad for two reasons :

First. That the note alleged to have been filed with it was not sufficiently referred to and identified ;

Second. That it did not aver that the note sued on remained unpaid.

The first objection is not well taken. The reference to the note as " herewith filed" was in substantial accordance with the statutory form of a complaint on a promissory note, and was quite sufficient where it appeared, as in this case, that such a note as the one described was actually filed with and accompanied the complaint. *Montgomery* v. *Gorrell*, 51 Ind. 309 ; *Hiatt* v. *Goblt*, 47 Ind. 319 ; *Stafford* v. *Davidson*, 18 Ind. 494.

As to the second objection, it may be said that this court has frequently held that a complaint on a promissory note must contain an averment, either in terms or equivalent words, that the note remains unpaid. *Downey* v. *Whittenberger*, 60 Ind. 188 ; *Higert* v. *The Trustees of Indiana Asbury University*, 53 Ind. 326 ; *Lawson* v. *Sherra*, 21 Ind. 363.

In support of these rulings it may be urged, in the first place, that a pleading founded upon contract is never complete, either in form or in substance, unless it alleges a

breach of such contract on the part of the party complained of. In the next place, the statutory form, above referred to (2 R. S. 1876, p. 357), clearly contemplates such an averment. As technical as this second objection may seem to be, we think the interests of good pleading are better subserved by an adherence to our previous decisions, requiring the complaint in a case like this to show by some suitable averment that the note remains unpaid.

We are, therefore, of the opinion that the court below committed what must be held to be a material error in overruling the demurrer to the complaint.

The judgment as to both the appellants is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

### On petition for a rehearing.

NIBLACK, J.—The appellee has filed a petition for a rehearing in this case upon the grounds :

First. That the defect in the complaint was one which might have been supplied by amendment upon the trial, and hence it was a defect which this court ought to have considered as having been supplied by amendment.

Second. That the defect in the complaint was supplied by the evidence, thus curing the defect and making the finding and judgment right upon the evidence.

Third. That as the defect in the complaint was only of a formal and technical character, and as the judgment was right on the merits, there was no sufficient reason for reversing the judgment.

Sections 99, 101 and 580 of the code are cited to sustain these positions. Other authorities are also cited for the same purpose. But it must be borne in mind that the question first presented in this case was not one of variance between the complaint and the evidence and the supposed consequent right of amendment upon the trial. Nor

was it whether the defect in the complaint was one which would have been cured by the finding, if there had been no demurrer raising the question of the defect. Neither was it whether the judgment was right on the merits. It was simply, was the complaint sufficient upon demurrer?

For reasons given in the opinion, we had to decide, reluctantly we admit, that the complaint was, in legal contemplation, materially defective. A complaint, bad upon demurrer for want of sufficient facts, can not be deemed amended in this court. *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276.

There is no rule of practice better settled than that a judgment founded upon a bad complaint, not cured by the verdict, can not be maintained. The demurrer to the complaint having been erroneously overruled, it necessarily followed that the judgment had to be reversed.

The authorities cited do not bear upon the sufficiency of the complaint, but have reference to matters occurring at the trial.

The petition for a rehearing is overruled.