The Wheeler and Wilson Manufacturing Company *v.* Worrall.

---

No. 8999.

THE WHEELER AND WILSON MANUFACTURING COMPANY
*v.* WORRALL.

CONTRACT.—*Breach of.—Complaint.*—In an action for breach of a contract for the payment of money, if the complaint do not show that the money has not been paid, it is bad on demurrer.

SAME.—*Nominal Damages.*—A complaint for failure of the defendant to furnish, for the use of the plaintiff, a horse and wagon according to a contract alleged, and not averring any facts showing injury to the plaintiff, is good for nominal damages only.

SAME.—*Condition Precedent.—Performance.—Evidence.—New Trial.*—In a suit to recover money due upon the performance by the plaintiff of a condition precedent, and the general denial is pleaded, it is error to refuse a new trial, when there is no evidence whatever as to performance of the condition.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellant.

*J. R. East,* —— *East, J. W. Buskirk* and *H. C. Duncan,* for appellee.

NIBLACK, J.—On the 7th day of July, 1875, the Wheeler and Wilson Manufacturing Company and Isaac D. Worrall entered into an agreement in writing, by which the said Worrall was made the agent for the sale and lease of the company's sewing machines in the county of Monroe, and other counties, at certain specified rates of commission on sales or leases, the sales to be for cash, or for good notes, under rules and regulations prescribed in the agreement.    The agreement contained numerous conditions and stipulations.

The fifth stipulation contained a provision that the company, known as the party of the first part, might at their option, furnish to the said Worrall, known as the party of the second part, to be used only in selling Wheeler and Wilson sewing machines, one wagon, one horse and one set of harness, which were to be well housed, cared for and kept in repair by the party of the second part, at his own expense.

The ninth stipulation provided that under no circumstances should the party of the second part receive any commission or other compensation for selling or leasing a machine until he should have furnished the party of the first part a certificate, signed by the person to whom the machine had been sold or leased, setting forth that he or she had been thoroughly and satisfactorily instructed in the use of said machine, and that all the promises made by him, the party of the second part, to such person had been faithfully fulfilled.

The tenth stipulation further provided that when a note should be taken for a machine, the party of the second part should, under no circumstances, receive any commission or other compensation for the sale made on such note, until the party of the first part had become satisfied that the person giving the note was good and responsible for the amount of such note.

This was an action by Worrall against the Wheeler and Wilson Manufacturing Company for matters connected with, or resulting from, the foregoing agreement.

The complaint was in two paragraphs.

The first paragraph charged that on the 27th day of September, 1875, the plaintiff as the agent of the defendant, sold a sewing machine belonging to the defendant, to one James M. Mason, for which he took the promissory note of the said Mason, and which note the defendant had accepted; that the plaintiff had, at the proper time, furnished to the defendant a certificate, signed by the said Mason as required by the ninth stipulation of the agreement referred to as above, and that the said Mason had since paid said note to the defendant, by reason of which the plaintiff had become entitled to receive from the defendant a commission of $20 on said sale.

The second paragraph charged that on the 9th day of July, 1875, the plaintiff being then in the employment, and acting as special agent, of the defendant for the county of Monroe, the defendant, in consideration that he would become its general agent for the sale of its sewing machines, agreed with him to furnish him with a horse and wagon suitable for the delivery of such machines to the purchasers thereof, and to deliver to the plaintiff, as fast as he might order the same, machines, to be sold by him at certain specified rates of commission, such horse and wagon to be furnished within a reasonable time thereafter; that, in pursuance of such agreement, the plaintiff did become such general agent of the defendant, and acted as such for the term of one year from the said 9th day of July, 1875. But the defendant failed, and has ever since failed and refused to perform its part of said agreement, to the damage of the plaintiff in the sum of one thousand dollars.

The defendant demurred severally to both paragraphs of the complaint, but its demurrer was overruled as to both paragraphs. Issue; verdict for the plaintiff, assessing his damages at $100; motion for new trial overruled, and judgment on the verdict.

It is claimed that the first paragraph of the complaint did not aver, either in terms or in equivalent words, that the commission on the sale of the sewing machine to Mason remained unpaid, and that for that reason the demurrer to that paragraph ought to have been sustained.

The statutory forms for complaints on promissory notes require that such a complaint shall contain an averment that the note sued on remains unpaid, and it has frequently been held by this court, that, in a suit on a note, such an averment or its equivalent is necessary. *Friddle* v. *Crane,* 68 Ind. 583; *Downey* v. *Whittenberger,* 60 Ind. 188; *Deutsch* v. *Korsmeier,* 59 Ind. 373; *Kent* v. *Cantrall,* 44 Ind. 452; 2 R. S. 1876, 357.

The rules of good pleading require that in all actions for breaches of contract for the payment of money, the complaint should either aver a non-payment of the money demanded, or facts from which its non-payment can be fairly inferred. *Higert* v. *The Trustees of Ind. A. University,* 53 Ind. 326.

Strictly, yet fairly construed, we think the first paragraph of the complaint in this case did not aver, either inferentially or otherwise, a non-payment of the commission, to which it was alleged the plaintiff became entitled, and that on that account the paragraph was bad upon demurrer.

It is also claimed that the demurrer ought to have been sustained to the second paragraph of the complaint, because it assigned no specific breach of the new or additional contract, alleged by it to have been entered into by the parties, and because it contained no facts showing that the plaintiff had been injured by the failure of the defendant to perform its part of such contract.

We are inclined to the opinion that this second paragraph was good as a demand for nominal damages merely, and nothing beyond that, and, if we are right in that impression, it constituted a good cause of action for some amount of damages, and was correctly held to be sufficient upon demurrer.

It is still further claimed that the court erred in refusing to grant a new trial, because the verdict was not sustained by

the evidence, and because improper instructions were given to the jury.

Both of these objections appear to us to be well founded.

There was no evidence showing that the defendant had ever accepted the Mason note as a good and satisfactory note, nor was there any evidence tending to show that the plaintiff had furnished to the defendant a certificate from Mason that he, Mason, had been thoroughly and satisfactorily instructed in the use of the machine for which the note was given, as the contract under which the sale was made. required. Proof of both of these facts was material to the plaintiff's right to recover in this action.

The court instructed the jury, amongst other things, that they might, under the second paragraph of the complaint, assess special damages in favor of the plaintiff, if they were satisfied from the evidence that he had sustained damages of that character, by reason of the failure of the defendant to perform its part of the contract counted upon in that paragraph. The court erred in so instructing the jury for the reasons given touching the sufficiency of that paragraph, that is to say, because nothing more than nominal damages could have been rightfully assessed under it.

The judgment is reversed, with costs, and the cause remanded for further proceedings.