Stanley v. Montgomery.

No. 11,897.

STANLEY v. MONTGOMERY.

BOND.—*Liquidated Damages, Complaint for.*—*Evidence.*—In a suit on a bond which provides, that in case of breach "the penalty therein written shall be taken and deemed as liquidated damages," it is not necessary to aver in the complaint, nor to prove on the trial, any amount of damages actually sustained, but on proof of the execution of the bond, and a breach of it, the plaintiff is entitled to recover the liquidated damages named in the bond.

SAME.—In a complaint on a bond conditioned for the payment of liquidated damages in case of breach, averments, that by the condition of the bond the penalty was to become due as liquidated damages, that the condition of the bond has been broken, "whereby an action hath accrued to the plaintiff against the defendant to recover the said sum of $1,500, for which he demands judgment," etc., are equivalent to an allegation that the penalty is due, or that the defendant is indebted in that amount.

INSTRUCTION.—*Credibility of Witness.*—*Province of Jury.*—An instruction, "that the jury must determine the credibility of the witnesses," and that certain matters (enumerating them) "are proper matters for the jury to consider in coming to a conclusion as to whom they will believe and whom they will not believe," does not invade the province of the jury, and is not erroneous.

SAME.—*Imposing upon Jury Inference Drawn by Court.*—In a suit on a bond given in compromise of a bastardy proceeding, conditioned among other things, "that the said S. should not by his misconduct give the plaintiff legal cause for divorce," an instruction to the jury: "If you find that he (the defendant), after their said marriage, sought the society of prostitutes, and women of bad repute for chastity, or that he went into a private bed-room with a woman of bad repute for chastity, or a prostitute, in the night time, and remained there for some time, no

one else being present, then, and in either event, your verdict should be for the plaintiff," is erroneous, because it imposes upon the jury an inference made by the court.

EVIDENCE.—*Husband and Wife.—Privileged Communications.*—A widow is not a competent witness to testify to communications made to her by her deceased husband during the marriage.

From the Madison Circuit Court.

·*C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellant.
*M. S. Robinson* and *J. W. Lovett,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant. The complaint alleged that Emma Sutton had two suits pending against John Stanley, a son of the defendant, one for bastardy and the other for seduction, and that in the settlement of said suits they were dismissed, and the said John Stanley married said Emma, and before marriage, in consideration of said settlement, the defendant and said John Stanley executed and delivered to the plaintiff, as trustee for the use and benefit of said Emma, their joint and several bond, whereby they agreed to pay to the plaintiff the sum of fifteen hundred dollars. The conditions of said bond being that the said John Stanley should marry the said Emma Sutton and provide for her and the child begotten by him of her body ; that he should furnish them with a suitable house, and should treat her as a husband should treat his wife, and that if said John should do and perform all his promises and agreements as written in said bond, then the same should be void, but if the said John should fail to do and perform the same, or if he should abandon the said Emma after their said marriage, or should fail to provide her with a house and suitable provisions, or should, by his misconduct, give to her a legal cause for divorce, then, and in either event, said bond should be in full force and effect, and the penalty therein written should be taken and deemed as liquidated damages for any breach of said bond, to be recovered in any proper action without relief from valuation or appraisement laws. That all the conditions of said agreement were performed by said

Emma on her part, but said John failed to perform said conditions on his part, in this, to wit, that after said suits were dismissed, and after said marriage, he cursed, abused, and shamefully treated her; * * * that he falsely accused her of adultery; that immediately after said marriage he took his said wife to the house of her sister and there abandoned her; that he never provided for her a house, nor furnished her with any clothing or support for her or their said child, so that she has been compelled to live with her father; that during her confinement at her father's house, and afterwards, he wholly failed to provide her with medical aid, or to supply her wants, but remained absent from her; that during said marriage he left his said wife and sought the society of prostitutes, and was guilty of adultery with divers persons, whose names are unknown to the plaintiff; that afterwards said John Stanley died, and no administrator of his estate has been appointed; that by reason of the premises a right of action has accrued to the plaintiff against the said defendant, to recover on said bond for the use of the said Emma Stanley the sum of fifteen hundred dollars, for which, etc.

A demurrer to this complaint, for want of facts sufficient, was overruled.

The defendant answered by a general denial and by a special defence, which the plaintiff, in his reply, denied. The cause was tried by a jury, who returned a verdict for the plaintiff and assessed the damages at $1,500, with a credit of $50. The defendant's motion for a new trial was overruled, and judgment was rendered on the verdict. The defendant appealed.

The errors assigned are that the court erred in overruling the demurrer to the complaint, and that the court erred in overruling the motion for a new trial.

Two objections are made to the complaint, to wit:

1st. That the complaint does not allege any damages which have accrued by reason of the breach of the bond.

2d. That the complaint contains no averment that the damages are due and unpaid.

In answer to the first objection, it is sufficient to say that where a complaint claims damages liquidated by agreement, it is not necessary to prove any amount of damages actually sustained, and the bond here sued on was clearly an agreement for liquidated damages.

In answer to the second objection to the complaint, it may be said that, although as a general rule matter of defence need not be anticipated in a complaint, yet an exception to this is that in suits on contracts for the payment of money it must be alleged that the demand is due and unpaid, or something equivalent thereto must be stated. In *Downey* v. *Whittenberger*, 60 Ind. 188, an averment that there is now due on said note $737.88 was held sufficient. In *Deutsch* v. *Korsmeier*, 59 Ind. 373, an averment in the complaint that the defendant is indebted to the plaintiff was held sufficient, and in *Higert* v. *Trustees, etc.*, 53 Ind. 326, it was held that the averment that the defendant, although often requested, has hitherto wholly refused, and still refuses, to pay the same, or any part thereof, was held equivalent to an averment that the demand remained unpaid.

In the present case the complaint, after averring that by the condition of the bond $1,500 was to become due as liquidated damages, and that the condition of the bond had been broken, continues thus, "whereby an action hath accrued to the plaintiff against the defendant to recover the said sum of $1,500, for which he demands judgment," etc. We think that such an allegation in such a case is equivalent to an averment that $1,500 is due, or that the defendant is indebted in that amount, and brings the case within the rulings in *Downey* v. *Whittenberger, supra*, and *Deutsch* v. *Korsmeier, supra*, and *Johnson* v. *Kilgore*, 39 Ind. 147. The objections made to the complaint can not be sustained.

The only reasons for a new trial discussed in the brief of

the appellant are the sixth, seventh, eighth, ninth, tenth and eleventh.

The sixth reason for a new trial is that the court erred in refusing to give to the jury instructions requested by the defendant, numbered 1, 2, 3, 4, 5, 6 and 7.

Said instruction No. 1 declares that the plaintiff can not recover without proving some amount of damages actually sustained by her. This was correctly refused. The proper instruction on this point was given by the court of its own motion in instruction No. 8, to the effect that on proof of the execution of the bond and a breach of it, the plaintiff would be entitled to recover the liquidated damages named in the bond.

The appellant makes no argument in his brief as to the other instructions refused, and, therefore, the objections to them are regarded as waived.

The eighth reason for a new trial is that the court erred in giving to the jury instructions requested by the plaintiff, numbered 1, 2, 3, 4, 5, 6, 7, 8 and 9.

The ninth reason for a new trial is that the court erred in giving to the jury of its own motion instructions numbered 1, 2, 3, 4 and 5.

The appellant in his brief claims that the foregoing instructions " as a whole were very unfair to the defendant, and in many instances took from the jury the determination of all the questions of fact, and told them what they must conclude from a certain state of facts."

The appellant, however, points out no objection to any of these instructions specifically, except numbers 1 and 4 given by the court of its own motion, and numbers 2 and 6 given at the request of the plaintiff's counsel. Therefore, these objections only are here considered.

The objection to said instruction No. 1 is that it "narrows down the necessary proof to a single question," but this instruction merely declares that if any one of the condi-

tions of the bond were broken, the plaintiff would be entitled to recover.   There was no error in this.

The said instruction No. 4 stated that the jury must determine the credibility of the witnesses, and that certain matters (enumerating them) " are proper matters for the jury to consider in coming to a conclusion as to whom they will believe and whom they will not believe."

In *Woollen* v. *Whitacre*, 91 Ind. 502, it was held that the court may properly say to the jury that, on the question of credibility, certain things may be considered by them, but that the court must not, directly or indirectly, tell the jury that such things must, as a matter of law, be regarded in determining the question of credibility.   We think that the instruction under consideration was in accordance with the rule as above stated in *Woollen* v. *Whitacre, supra*, and did not " invade the province of the jury."

The objection to said instruction No. 2 is the same as that above mentioned made to said instruction No. 1, and there was no error in it.   It was not necessary that the plaintiff should prove a breach of every condition of the bond; it was enough to prove a breach of any of the conditions.   The said instruction No. 6, one of the conditions of the bond being that the said John Stanley should not, by his misconduct, give the plaintiff a legal cause for divorce, was as follows: " If you find that he (the defendant), after their said marriage, sought the society of prostitutes and women of bad repute for chastity, or that he went into a private bed-room with a woman of bad repute for chastity, or a prostitute, in the night time, and remained there for some time, no one else being present, then, and in either event, your verdict should be for the plaintiff."   This was clearly wrong.   There was no breach of the condition now under consideration, unless the said John Stanley, by his misconduct, had given the plaintiff a legal cause for a divorce.   In a suit for divorce it would be competent for the plaintiff to prove that the defendant sought the society of prostitutes, and the jury might

make the proper inferences from such proof, but it would be error if the court should instruct the jury that they were bound on such proof to find a verdict for the plaintiff. That would be imposing upon the jury the inference made by the court, and it would deprive the jury of their right to make the necessary inferences from the facts proved. So, in such a case, it would be proper to prove that the defendant had occupied a room alone with a prostitute at night, and perhaps that proof would authorize the inference that adultery had been committed. But it would be the privilege of the jury to make the inference, and it would be error to instruct the jury that on such proof they were bound to find that adultery had been committed. In the present case, when the court charged the jury that their verdict should be for the plaintiff, if they should find that John Stanley had been seeking the society of prostitutes, or had been in a room at night alone with a prostitute, the court determined that such proof required the inference to be made that the plaintiff had a cause of divorce. The court thereby interfered with the province of the jury, which is to determine for themselves what are the proper inferences to be made from the evidence.

The only remaining causes for a new trial are the tenth and the eleventh. These question the right of the widow to testify as to what her husband said to her during their marriage. She was permitted so to testify by the court, for the reason that after John Stanley's death, she was no longer his wife. But when our Legislature departed from ancient usages and authorized the introduction of interested testimony, it preserved the old rule as to husband and wife, and forbade them to testify as to communications made to each other during marriage. This appears in the legislation of 1861, and in all the subsequent legislation on this subject. The present statute is, that husband and wife are not competent witnesses as to communications made to each other. R. S. 1881, section 497. The same reasons of public policy, which

require that husband and wife shall be incompetent to testify as to communications made to each other, exist after the death of one of the parties as existed before such death, and accordingly it has been held by this court under the act of March 11th, 1867, that after the termination of the marriage, the former wife was incompetent to testify as to communications made to her by her former husband and during the marriage. *Mercer* v. *Patterson*, 41 Ind. 440; *Griffin* v. *Smith*, 45 Ind. 366; *Denbo* v. *Wright*, 53 Ind. 226. A like ruling was made under the act of March 15th, 1879. *Perry* v. *Randall*, 83 Ind. 143.

Following these rulings we hold that the widow, Emma Stanley, was not a competent witness to testify to communications made to her by her deceased husband during the marriage, and that the court erred in permitting her to testify as to such communications. For the errors hereinbefore pointed out the judgment ought to be reversed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, etc.

Filed April 25, 1885; petition for a rehearing overruled June 11, 1885.