Douthit *et al. v.* Mohr.

No. 13,300.

DOUTHIT ET. AL. *v.* MOHR.

PLEADING.—*Written Instrument.—Loss of.—Excuse for not Filing Original or Copy.*—An averment that a written instrument sued upon is lost, is a sufficient excuse for failing to file such instrument or a copy with the complaint, without an additional averment that diligent search had been made.

SAME.—*Contract.—Execution of.—Equivalent Terms.—Delivery and Acceptance.* —An averment that a person entered into a contract in writing is the equivalent of an averment that he executed the contract, and the execution of a written instrument implied a delivery and acceptance.

SAME.—*Promissory Note.—Averment of Non-Payment.*—A complaint upon a promissory note must show that the note is unpaid, but this may either be by a direct averment or by a statement of facts from which it may be fairly inferred.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellants.

*W. H. Isley* and *A. Akers,* for appellee.

NIBLACK, C. J.—This action was commenced before a justice of the peace, Christian Mohr, the appellee here, being the plaintiff, and Alonzo Douthit and George Baker, the appellants, being the defendants.. The plaintiff obtained a judgment before the justice. Upon an appeal to the circuit court the plaintiff filed a new and substituted complaint, charging that, on the 5th day of May, 1885, Douthit executed to the plaintiff his promissory note for the sum of $65.18, payable one day after date; that Douthit failed to pay the note at maturity; that afterwards Douthit and the plaintiff had a final settlement, and that as a part of such final settlement the defendants, Douthit and Baker, entered into a written agreement concerning the payment of such note; that by the terms of the agreement Douthit was to pay the note in sawing lumber for the plaintiff at and for the customary price for such work; that Douthit was to commence such

sawing on the 1st day of September, 1885, and to saw five dollars' worth each week until the note was paid; that Baker entered into the contract or agreement in writing as surety for Douthit, whereby he obligated himself for the execution of the same and the payment of the note; that, notwithstanding sufficient time had elapsed to enable them to pay the note in sawing, the defendants had failed and refused to saw any lumber, or to pay the note in money; that after the cause had been appealed to the circuit court the contract or agreement sued on, and the note and other papers pertaining to the action, had become lost, wherefore the plaintiff asked leave to make proof of such contract or agreement and the note.

A several demurrer to the complaint being first overruled, the circuit court heard the evidence and gave judgment in favor of the plaintiff.

Error is assigned only upon the overruling of the demurrer to the complaint.

The objections made to the complaint are: First. That a sufficient excuse is not shown for failing to file the note and contract, or copies of them, with the substituted complaint. Second. That there is no averment that the contract was either delivered to Mohr or accepted by him. Third. That there is no allegation that the note remained unpaid when the action was commenced.

In support of the first objection, it is claimed that it was not sufficient to aver simply that the note and contract were lost; that an additional averment that diligent search had been made for these instruments in writing, and that they could not be found, was necessary, citing the case of *Van Dorn* v. *Bodley*, 38 Ind. 402.

While, as applicable to the claim thus made, there may be some obscurity in the phraseology of the case cited, the point really there decided was, that the averment of the loss of a written instrument sued upon, was a sufficient excuse for not filing either the instrument or a copy with the complaint, which was in accordance with the previous as well as the subse-

quent holdings of this court. *Cleveland* v. *Roberts*, 14 Ind. 511; *Blasingame* v. *Blasingame*, 24 Ind. 86; *Anderson School Tp.* v. *Thompson*, 92 Ind. 556.

As preliminary to parol proof of the contents of a lost instrument in writing, evidence is usually required that diligent but unavailing search had been made for the instrument, but this involves a rule of evidence and not of pleading.

In answer to the second objection to the complaint, it may be said that the allegation that a person entered into a recognizance implies that he executed a recognizance, that is, that he did all that was necessary to make the recognizance binding upon him. As analogous to this, the averment that a person entered into a contract in writing to do some specified thing, is the equivalent of an allegation that he executed the contract into which he so entered. That the execution of a written instrument implies a delivery and an acceptance is a rule of construction too familiar to require the citation of authorities.

It has been frequently held that a complaint upon a promissory note must show that the note remained unpaid at the time the action was instituted. *Wheeler & W. Manf'g Co.* v. *Worrall*, 80 Ind. 297. But this need not be in direct terms. It is sufficient if facts be stated from which it may be fairly inferred that the note remains unpaid. *Downey* v. *Whittenberger*, 60 Ind. 188. The fair inference from the facts stated in the complaint in this case is, that the note remained unpaid when that pleading was filed.

The third objection to the complaint is, for this reason, also, not well founded.

The judgment is affirmed, with costs.

Filed Nov. 9, 1888; petition for a rehearing overruled Jan. 9, 1889.