COLLINS MORRIS *v.* STATE OF INDIANA.

[No. 1-1176A215. Filed March 22, 1977.]

*Stephen C. Haas*, of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Collins Morris (Morris) appeals from his conviction of assault and battery with intent to commit a felony.

An information was filed against Morris in the Vanderburgh Superior Court on January 15, 1976, charging Morris with robbery.[1] Trial was commenced on May 10, 1976. On May 11, 1976, the jury found Morris guilty of assault and battery with intent to commit a felony.[2] The trial court sentenced Morris to the Indiana Department of Corrections for an indeterminate period of not less than one (1) year nor more than ten (10) years.

On appeal, Morris raises the following issues:

*Issue One:* Whether his motion in limine, alleging that Leona Gregory was incompetent to testify, was erroneously overruled.

*Issue Two:* Whether his motion to strike the testimony of Leona Gregory, made on the basis that she was incompetent to testify, was erroneously overruled.

*Issue Three:* Whether his Instruction Number 1, referring to the credibility of Leona Gregory as a witness and the weight to be given her testimony, was erroneously refused.

We affirm.

FACTS:

On May 3, 1976, counsel for Morris filed a motion in limine, seeking a protective order to prohibit the complaining witness, Leona Gregory, from testifying at the trial. Morris argued that Leona Gregory was incompetent to testify because she was committed to Evansville State Hospital by order of the Vanderburgh Superior Court on January 23, 1976.

When trial began May 10, 1976, the trial court held a hearing on the motion in limine outside the presence of the jury.

1. IC 1971, 35-13-4-6 (Burns Code Ed.).
2. IC 1971, 35-1-54-3 (Burns Code Ed.).

The trial court took judicial notice of all court orders, documents, and affidavits concerning the commitment of Leona Gregory to the Evansville State Hospital.

By agreement of the parties, testimony was given by the State's expert witness, Dr. William O. Denzer. Dr. Denzer testified that he had been a doctor of medicine for approximately thirty-five years and had worked in the psychiatric area of medicine at the Evansville State Hospital for approximately fourteen years.

Dr. Denzer estimated that he had spoken with Leona Gregory at the Evansville State Hospital at least eighteen times. He stated that when he first observed Leona Gregory at the Evansville State Hospital, she was vague, hallucinating, and had delusional ideas. After describing the medication used to treat Leona Gregory, Dr. Denzer expressed his opinion that Leona Gregory's condition had improved vastly, and that any medication taken by her at the time of trial would only cause her to be more cognizant of reality and would in no way cause any degree of amnesia. Dr. Denzer further gave his opinion that Leona Gregory, at the time of trial, had the ability to recall events and to understand the meaning of an oath to tell the truth.

After hearing the testimony of Dr. William O. Denzer, the trial court overruled the motion in limine. The jury was returned to the courtroom, and Dr. Denzer gave similar testimony again.

The State then called Leona Gregory as a witness. She testified that Morris came to her apartment on January 7, 1976, and offered to repair her refrigerator. She ran to the bathroom when Morris tried to hug her. Morris followed her, beat her, and told her not to leave the bathroom. Leona Gregory further testified that she remained in the bathroom about fifteen minutes and then called the police after Morris left the apartment. She stated that she did not see Morris remove money from her purse; however, she had eleven dollars and

food stamps in her purse before Morris came, and these items were missing from her purse after Morris left.

On the second day of trial, the State called Leona Gregory as a rebuttal witness. She was allowed to testify again despite the continuing objection made by Morris.

Morris argues that the trial court erred when it overruled his motion in limine. In *Marsh* v. *Lesh* (1975), 164 Ind. App. 67, 326 N.E.2d 626 at 628, this court stated:

"The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794. It must be noted that ordinarily the denial of a motion in limine can occasion no error; the objectionable occurrence is the improper admission of items in evidence."

The trial court did not err when it overruled appellant's motion in limine.

Morris next contends that the trial court erred when it overruled the motion to strike Leona Gregory's testimony, which motion was made at the close of the evidence presented by the State. Morris relies primarily upon IC 1971, 34-1-14-5 (Burns Code Ed.), which provides in part:

"The following persons shall not be competent witnesses: First, Persons insane at the time they are offered as witnesses, whether they have been so adjudged or not.* * *"

Concomitant with reliance upon the statute, Morris argues the State failed to rebut a presumption that once a person is adjudged insane, the condition continues until the contrary is proved.

Morris cites *Hart* v. *Miller* (1902), 29 Ind. App. 222, 64 N.E. 239. *Hart* was an action brought against the guardian of an insane ward for the support of the ward. This court approved the trial court's refusal to allow testimony of the ward, but the court noted the particular circumstances:

"The person for whom a guardian is appointed in a statutory inquisition for such purpose is already adjudged to be an

insane person within the meaning of the statute concerning witnesses. Whatever may *be the proper course in cases not such as that now before us,* it would seem reasonable to say that a party to the action, having his standing therein solely as the guardian of an insane person, could not be heard on the trial thereof to claim that his ward was not then incompetent to testify as a witness because he was not then insane." (Emphasis added.) 29 Ind. App. 222 at 247, 64 N.E. 239 at 248.

Because the facts of *Hart* v. *Miller, supra,* differ significantly from those in the case at bar, we do not believe *Hart* provides relevant precedent for Morris's contention that Leona Gregory was incompetent to testify.

The competency of a witness is a matter of law to be decided by the trial court. *Shindler* v. *State* (1975), 166 Ind. App. 258, 335 N.E.2d 638; *Kimble* v. *State* (1974), 262 Ind. 522, 319 N.E.2d 140. In deciding *Grecco* v. *State* (1960), 240 Ind. 584 at 589, 166 N.E.2d 180 at 182, the Supreme Court of Indiana construed IC 1971, 34-1-14-5 (Burns Code Ed.) :

"[W]hile the statute makes an insane person incompetent as a witness, the modern view which is now prevalent and supported by the weight of authority, is that a person affected with insanity or mental illness, notwithstanding the positive prohibition of the statute (as to persons insane at the time they are offered as witnesses), may be a competent witness depending entirely on his or her mental condition as determined by the court at the time of trial."

In the case at bar, the trial court heard the testimony of Dr. William O. Denzer and observed the appearance and demeanor of Leona Gregory. When the trial court has passed upon the issue of competency of a witness and has found the witness to be competent, the reviewing court will interfere only if a manifest abuse of discretion appears. *Grecco* v. *State, supra; Butler* v. *State* (1951), 229 Ind. 241, 97 N.E. 2d 492. The record offers ample evidence to support the trial court's action of overruling appellant's motion to strike. Therefore, we find no abuse of discretion.

Morris finally argues that the trial court erred when it refused to give his Instruction Number 1, as follows:

"You are instructed that evidence has been presented that Leona Gregory is presently residing at the Evansville State Hospital and, that she has previously been committed by a Court Order to the Evansville State Hospital. This evidence may be considered by you in determining the credibility of her testimony and, in determining the weight to be given to her testimony in determining the guilt or innocence of the Defendant. You are the exclusive Judges of the weight and credibility of the testimony."

Morris relies upon the case of *Stanley* v. *Montgomery* (1885), 102 Ind. 102, 26 N.E. 213. *Stanley* offers minimal support for Morris's position, however, for the opinion in *Stanley* fails to set forth the instruction being considered in that case. We quote from *Stanley* v. *Montgomery:*

"The said instruction No. 4 stated that the jury must determine the credibility of the witnesses, and that certain matters (enumerating them) 'are proper matters for the jury to consider in coming to a conclusion as to whom they will believe and whom they will not believe.' " 102 Ind. 102 at 107, 26 N.E. 213 at 214.

*Stanley* approves reference to "certain matters," but this vague statement is no basis for finding error in the trial court's refusal to give Morris's Instruction Number 1 in the case at bar.

In *Garvin* v. *State* (1970), 255 Ind. 215 at 217, 263 N.E.2d 371 at 372, the Supreme Court of Indiana stated:

"It is well established in Indiana that the jury is the sole judge of the credibility of all witnesses and an instruction is erroneous as invading the province of the jury to the extent that the trial court would be intimidating his opinion of the credibility of any witness or the weight to be given to their testimony." (Citations omitted.)

Earlier, the Supreme Court of Indiana ruled in *McDonough* v. *State* (1961), 242 Ind. 376 at 384, 175 N.E.2d 418 at 422:

"In this State it is error to single out the testimony of any one specific witness, and instructions on credibilities should

be directed to all of the witnesses generally. *Swanson* v. *State*, (1944), 222 Ind. 217, 219, 52 N.E.2d 616."

In the case at bar, the trial court did not err when it refused to give Morris's Instruction Number 1.

The judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 360 N.E.2d 1027.

J. E. G. *v.* C. J. E.