# JAMES POWELL *et al.*

*v.*

# ASENAH C. ROGERS.

*Filed at Ottawa January 31, 1883.*

1. ESTOPPEL—*of the elements of an estoppel.* The doctrine of estoppels *in pais* or equitable estoppels is based upon a fraudulent purpose and a fraudulent result. If the element of fraud is wanting there is no estoppel, as, if both parties are equally cognizant of the facts, and the declaration or silence of the one party produces no change in the conduct of the other, he acting solely on his own judgment. There must be deception, and change of conduct in consequence thereof, to estop a party from showing the truth.

2. Where a mortgagee, after the sale of the mortgaged premises under a decree to enforce a mechanics' lien, declined to purchase the certificate of purchase, or to redeem, saying he would do nothing more about the matter, and the purchaser under such decree, a party to the suit, after taking out his deed, erected a building upon the land, it was *held*, on bill to foreclose the mortgage after the decree of sale in the lien case had been reversed, that the mortgagee was not estopped from setting up a claim under his mortgage as against the improvements put upon the land by the prior purchaser before the decree was reversed.

3. PURCHASER—*at judicial sale, not treated as mortgagee in possession.* A party to a suit to enforce a mechanics' lien, who goes into possession after his purchase of the premises, under the master's deed, can not be regarded as a mortgagee in possession, so as to be allowed the cost of a new building erected on the land by him, as against a prior mortgagee, but is to be treated as a purchaser relying upon the validity of the judicial sale.

4. SAME—*effect of reversal of decree under which he claims.* A party to an erroneous judgment or decree is chargeable with notice of all errors in the record, and a reversal restores the parties to their original rights, and the title acquired under such judgment or decree is divested by the reversal, unless the purchaser is a stranger to the judgment, without notice, and any improvements put upon the land will be placed there at the peril of the purchaser, if he is a party to the suit.

5. SAME—*application of surplus after satisfying prior incumbrance.* Where a decree enforcing a mechanics' lien, under which a party to the record has acquired title by purchase, has been reversed, and a decree entered foreclosing a prior mortgage on the same property and ordering a sale, it is error to direct that the surplus arising from the sale, after the payment of the lien debt and the mortgage debt, be brought into court. Such surplus

should be ordered to be paid to the purchaser under the prior sale, to apply upon the improvements made by him upon the premises, when the original owner and debtor makes no defence and claims nothing.

6. FORMER ADJUDICATION—*when a bar.* While a decree dismissing a bill of review to impeach a decree for error upon the face of the proceedings, might be pleaded in bar of a writ of error to reverse the same decree, yet if it is not so pleaded, and the original decree is reversed and the cause remanded, the decree on the bill of review can not be held any bar in the original case, or to a proper distribution of the money arising from a sale of the premises among the several creditors having liens.

7. MECHANICS' LIEN—*sufficiency of petition.* A petition to enforce a mechanics' lien, which shows that the material was to be delivered and paid for within one year from the date of the contract, is sufficient.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. CLARK W. UPTON, Judge, presiding.

This case was originally a petition by Powell & Barrett for a mechanics' lien, against Henry C. Stout, owner, and Mrs. Asenah C. Rogers, a mortgagee, of a lot of land in Miller's subdivison, in the city of Aurora. A decree was had establishing the lien, under which the property was sold to A. D. Warner, for the amount of the decree, and costs. Warner transferred his certificate of purchase to Powell & Barrett, who received a deed for the premises. About three years after this decree Powell & Barrett built a house upon the land, costing about $2700. Mrs. Rogers, after filing a bill of review to set aside this decree, (which bill was dismissed by the court,) procured a reversal of the decree on writ of error, and the cause was remanded. The petitioners amended their petition, setting up their claim for improvements on the land, and facts relied upon as an estoppel, against Mrs. Rogers' claim under the mortgage as to such improvements. The other material facts appear in the opinion of the court.

Mr. M. O. Southworth, and Mr. Charles Wheaton, for the appellants:

A petition to enforce a mechanics' lien is a chancery proceeding, and governed by chancery principles. *Kimball* v. *Cook*, 1 Gilm. 423; *Garrett* v. *Stevenson*, 3 id. 261; *Ross* v. *Derr*, 18 Ill. 245; *Hamilton* v. *Dunn*, 22 id. 259; *Lomax* v. *Dore*, 45 id. 379; *Martin* v. *Eversol*, 36 id. 222.

A party having a legal right, in equity will not be permitted to use it for the purpose of injustice, fraud or oppression, and relief will be granted a party against inequitable loss, or injury from circumstances beyond his control, or from his own acts in good faith, without negligence. 2 Story's Eq. Jur. sec. 1316; *Weaver* v. *Boyer*, 79 Ill. 417.

The holder under a defective title, though with notice, may be held a mortgagee in possession, and be entitled to repayment of advances made in good faith, and expended in improvements. *Morgan* v. *Clayton*, 61 Ill. 35; *McConnel* v. *Holobush*, 11 id. 61; *Blair* v. *Chamblin*, 39 id. 521; *Roberts* v. *Fleming*, 53 id. 196; *Patman* v. *Ritchie*, 6 Paige, 390; *Benedict* v. *Gilman*, 4 id. 57; *Bacon* v. *Cottrell*, 13 Minn. 194; *Troosh* v. *Davis*, 31 Ind. 34.

The decree dismissing the bill of review on the merits, is *res judicata* of all Mrs. Rogers' rights under her mortgage, and binding on all parties to the suit. *Nimberly* v. *Hurst*, 33 Ill. 166; *Wight* v. *Wallbaum*, 39 id. 555; *Elston* v. *Chicago*, 40 id. 514; *Mulford et al.* v. *Stalsenback*, 46 id. 303; *Huls* v. *Buntin*, 47 id. 396; *Horton* v. *Critchfield*, 18 id. 333; *Dickson* v. *Todd*, 43 id. 504; *Jones* v. *Smith*, 13 id. 301; *Buckmaster* v. *Nidee*, 12 id. 208; *Lloyd* v. *Lee*, 45 id. 277; *Severin* v. *Eddy*, 32 id. 189.

A former adjudication of the matter in controversy is conclusive between the same parties in a subsequent suit upon the same matter, not only as to matters actually determined, but as to every other thing within the knowledge of the com-

plainant, which might have been then set up as a ground for relief, and litigated in the first suit.· *Hamilton* v. *Quimby et al.* 46 Ill. 90; *Rogers* v. *Higgins et al.* 57 id. 244; *Peterson et al.* v. *Nehf,* 80 id. 25; *Gaddis* v. *Leeson,* 55 id. 522.

That the *laches* of Mrs. Rogers should bar her claim to equitable relief, see *Bush et al.* v. *Sherman,* 80 Ill. 161; *Winchell et al.* v. *Edwards et al.* 57 id. ·41; *Cox* v. *Montgomery,* 36 id. 336; *Weaver et al.* v. *Poyer et al.* 79 id. 417.

The court erred in ordering the surplus of the purchase money to be brought into court. It should have been ordered to be paid to appellants, on account of their improvements.

Mr. CHARLES D. F. SMITH, for the appellee Mrs. Rogers:

The petition for a mechanics' lien is insufficient in statement of a contract, which is required. *Cook* v. *Vreeland,* 21 Ill. 431; *Cook* v. *Rafmat,* 21 id. 437; *Moses* v. *Mott,* 24 id. 94; *Coburn* v. *Tyler,* 41 id. 354; *Fish* v. *Stubbings,* 65 id. 492; *Powell* v. *Webber,* 79 id. 134.

The proceeding is purely statutory, and whatever defeats the lien puts an end to the claim of any relief. *McCarthy* v. *Neu,* 93 Ill. 455.

The declarations of Mrs. Rogers, relied on to estop her, were made after the purchase, and no fraud is shown, nor is it shown the other party acted upon them. There is no element of estoppel shown. Bigelow on Estoppel, 431, 437; *Brant* v. *Virginia Coal and Iron Co.* 3 Otto, 326; 3 Watts, 240; 4 Harris, 361; *Davidson* v. *Young et al.* 38 Ill. 145. .

A party to a judgment is presumed to be privy to all defects in the proceedings. *Guiteau* v. *Wisley,* 47 Ill. 433; *Galpin* v. *Page,* 18 Wall. 350; *McJilton* v. *Love,* 13 Ill. 486; *Wadhams et al.* v. *Gay,* 73· id. 415.

Appellants are not entitled to improvements put on land as purchasers, as against the prior mortgagee. (*Hughes* v. *Edwards,* 9 Wheat. 489; *Boonman* v. *Wood,* 27· N. J. Eq. 371;

*Martin* v. *Bently et al.* 54 Ill. 100.)   And it makes no differ- ꞌ
ence that the party making the improvements supposed his
title to be good.   *Childs* v. *Dolan*, 5 Allen, 319; *Horn et al.*
v. *Adams et al.* 8 id. 363; *Putnam* v. *Ritchie*, 6 Paige, 390.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It is first claimed by appellants that the decree is erroneous,
for the reason that Mrs. Rogers is estopped from setting up a
claim upon her mortgage as against the improvements placed
on the property by them before the decree was reversed.

In *Davidson* v. *Young*, 38 Ill. 146, this court held, that
"the doctrine of estoppels *in pais* or equitable estoppels is
based upon a fraudulent purpose and a fraudulent result.
If the element of fraud is wanting there is no estoppel; as,
if both parties were equally cognizant of the facts, and the
declaration or silence of the one party produced no change
in the conduct of the other, he acting solely on his own judg-
ment.   There must be deception, and change of conduct in
consequence, in order to estop a party from showing the
truth."   This decision will be found to be in harmony with
the current of authority on the subject.

But does the evidence relied upon by appellants bring
Mrs. Rogers within the rule announced?   It seems quite
clear, from the proof, that Mrs. Rogers was well acquainted
with the situation and value of the property; that after it
was bid off under the decree, the certificate of purchase was
offered to her at a discount of $50; that she declined to buy
the certificate or redeem from the sale, and in substance said
she would do nothing more about the matter.   This occurred
in the summer of 1874, soon after the sale of the property
under the decree.   At the time the house was built, in August,
1876, it does not appear that Mrs. Rogers said or did any
thing, or that there was any interview between her and appel-
lants immediately before the building was commenced, or

while it was being erected. We see nothing in this evidence to create an estoppel *in pais*. No fraud was shown on her part, nor was there any deception. The fact that in 1874 she declined to buy the certificate of purchase or redeem from the sale, and said she should do nothing more about the matter, could not, in any manner, deceive appellants, nor do we believe that such conduct or declarations induced them to do anything in reference to the property that they otherwise would not have done. They, at the time, did nothing in consequence of the declarations, but waited until the time of redemption had expired, and took out a deed, and after they obtained a deed, in August, 1876, they erected the house. From the facts the more reasonable presumption is, that appellants erected the house relying upon the validity of the title they had acquired, rather than upon anything said or done by Mrs. Rogers, and if such was the case, they can not claim or rely upon the doctrine of estoppel.

It is next urged that appellants may be regarded as holding the property as mortgagees in possession, and thus be entitled to recover for money in good faith expended in improvements. There are cases which hold that a mortgagee in possession may lay out money to keep the estate in necessary repair to preserve it; but even a mortgagee is not authorized to make new improvements, except under very extraordinary circumstances. But appellants can not be treated as mortgagees in possession. They took possession of the property as owners, under a title acquired by virtue of a sale under a decree in a cause in which they were parties to the record. They occupied a different position from a mortgagee. The law which regulates the rights of purchasers under a judicial sale, where the judgment or decree under which the purchase is made is subsequently reversed, is well settled. A party to an erroneous judgment or decree is presumed to be cognizant of all errors in the record, and a reversal restores the parties to their original rights. The title acquired under an erroneous

judgment is divested by the reversal, unless it has been purchased by a stranger to the judgment, without notice. *McJilton* v. *Love,* 13 Ill. 491; *Wadhams* v. *Gay,* 73 id. 415.

If we are correct in this view, it follows, as a necessary result, that money invested by appellants in the erection of a house on the property, was invested at their peril, and subject to the rights of appellee under her mortgage. There is a seeming hardship in the case, but that will not justify a departure from the well settled rules of law. Appellants are presumed to have known that the decree under which they obtained title was erroneous. They knew that appellee had five years from the rendition of the decree to sue out a writ of error, and knowing these facts they had no right to expend a large sum of money in erecting a house on the property,— at least they took upon themselves the hazard of losing the money so expended.

But it is said the decree of the circuit court of Kane county, rendered in March, 1878, on the bill of review filed by appellee, against appellants, is a bar to the relief claimed by her in this proceeding. The bill which appellee brought was merely a bill of review to impeach the decree which had been rendered in the lien case, for error appearing upon the face of the record. The court, on the hearing, found that there was no error in the decree, and dismissed the bill. It may be, if appellants had pleaded the decree rendered on the dismissal of the bill of review in bar of the writ of error which was subsequently sued out to reverse the decree in the lien case, they might have prevented a reversal; but after the decree in the lien case was reversed and the cause remanded, how the decree in the Kane circuit court can be held to be a bar to a proper distribution of the money arising from a sale of the property in this case, we can not understand. As said before, the question presented by the bill of review was, whether there was error in the decree in the lien case. That was the question determined. Upon that point that decree

might be regarded as final, but as the question here involved is a different one, that decree can have no bearing upon it.

There is, however, one point upon which the decree of the circuit court can not be sustained. The decree directed the surplus, after the payment of the mechanics' lien and the Rogers mortgage, to be brought into court. Stout, the defendant in this case, has never interposed any defence. He was defaulted. He finds no fault whatever with the decree. All that Mrs. Rogers can claim, is the amount of her mortgage. Under such circumstances we see no reason why the surplus, after the mechanics' lien and mortgage debts are paid, may not be decreed to appellants, to apply upon the improvements made on the property, and the taxes paid.

Appellee has assigned several cross-errors, which remain to be considered. It is said that the allegations of the petition as to the time of payment are not sufficient. It is alleged that the lumber was to be delivered as fast as needed, and all to be delivered during the spring and fore part of the coming summer, and to be paid for within five or six months from the time the lumber was to be delivered. From the averment it is apparent that the lumber was to be delivered and paid for within one year from the date of the undertaking, and under the ruling in *Clark* v. *Manning*, 90 Ill. 380, that was sufficient.

It is also claimed that Mr. Brady, agent of Rogers, called on appellants before the loan was made to Stout, and they informed him that they had no lien on the property, and hence they are estopped from insisting upon a lien as against appellee's mortgage. As to this point the evidence is so conflicting that a decree defeating the lien could not, with any degree of certainty, be predicated upon it. One witness testified that such a conversation occurred, while two deny it. Without undertaking to determine which witness was mistaken, as they all seem to be credible, it is sufficient to say that the court did not err in refusing to sustain the defence, so far as it was predicated on this evidence.

It is also claimed that the amount of the decree is $300 more than was due from 'Stout. The account of appellants, as shown by the books, was $864, less a credit of $130.10,— leaving a balance of $733.90. On the trial of the bill of review, appellant Powell, on cross-examination, testified: "Stout paid us, out of the Rogers money, a little over $300, and reduced the claim to $700, or thereabouts,—the books show the amount." We do not think this statement impeaches the account as shown by the books, and as was testified to be correct. The witness did not pretend to be accurate as to the amount which had been paid, but in the statement expressly referred to the books to show the true state of the account. The statement was a mere unguarded remark, where the amount of the account was not directly in issue, which does not in any manner impeach appellants' evidence introduced on the trial of this cause, which shows the amount of the account they held against Stout.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*