[No. 8197.   Department One. — November 19, 1885.]

FRANCIS A. HOBART, Appellant, *v.* JEREMIAH TYRRELL, Respondent.

Fraudulent Conveyance — Creditors — Assignee. — Orders drawn by creditors upon their debtor, and accepted by the latter, operate as an assignment of so much of the debt as is represented by the orders, and a transfer of property by the debtor which is fraudulent as against the original creditors will be fraudulent as against the assignee.

Evidence — Testimony of Witness in Another Proceeding — When may be Read. — When the witness for one party has read an extract from testimony given by him in a previous judicial proceeding, the adverse party may introduce in evidence the whole of such testimony.

Appeal from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

Action to recover possession of the promissory note mentioned in the opinion. The remaining facts are stated in the opinion of the court.

*R. A. Redman,* and *John R. Glascock,* for Appellant.

*J. G. McCallum,* and *Frank B. Ogden,* for Respondent.

Ross, J. — The subject of this controversy is a certain promissory note executed by the California Hosiery Company to Francis A. Hobart, the plaintiff and appellant herein, and levied on by the respondent as sheriff by virtue of a writ of attachment issued in an action brought by one Clay against John A. Hobart, the father of appellant. The note was executed for part of the purchase-money of a piece of land which was, on the 20th of March, 1880, conveyed by John A. Hobart to his son Francis as a gift, and afterwards conveyed under a power of attorney by John A., as attorney in fact of Francis A. Hobart, to the California Hosiery Company.

The main question in the case is, whether or not the conveyance from John A. Hobart to his son Francis was fraudulent as against Clay. On the part of the appellant, it is contended that section 3429 of the Civil Code

does not apply to those who become creditors after the making of the conveyance, and that Clay was such subsequent creditor.    But in respect to Clay's *status*, we think counsel mistaken.    It appears that one Kennedy had entered into a contract with some Chinamen, by which, in consideration of the sum of seventeen thousand dollars to be paid them, they were to do certain work in and about the construction of a certain road and tunnel, and that on or about January 25, 1880, John A. Hobart guaranteed the payment of the money upon that contract; that the Chinamen proceeded with the work, money became due them therefor, Clay advanced them money and took orders therefor on Hobart, which were accepted by him.    The guaranty by John A. Hobart was prior to his conveyance to his son, as were also the advances by Clay to the Chinamen.    The liability of Hobart was then existing, upon which he might, and afterwards in fact did, become liable to pay money to Clay by reason of the orders drawn on and accepted by him.    These operated as an assignment of so much of the debt as was represented by them.    As assignee, Clay stood in the same position as his assignors.

The evidence is such that we would not be justified in disturbing the findings of the trial court, upon the ground that they are unsupported by the evidence.

The court below permitted a witness to read, against the objection of the plaintiff, the testimony given by John A. Hobart upon an examination theretofore had before a justice of the peace; and this is claimed to have been error, for the reason that no proper foundation therefor had been laid.    But it appears from the record that Hobart, when on the stand, without being asked in respect thereto, read an extract from the same testimony, saying at the time that what he had read was not all that he had testified to on that occasion.    Under such circumstances, was it error to permit Baker to read all of his testimony?    We think not, under the provisions

of section 1854 of the Code of Civil Procedure, which reads: "When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing, which is necessary to make it understood, may also be given in evidence."

Other points made do not require special notice.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.