## WINDHAUS v. BOOTZ et al.*

No. 12,991; December 30, 1890.

25 Pac. 404.

Fraudulent Conveyances.—The Transfer of a Debt by a Creditor to a third person, to whom the debtor afterward makes a part payment, and executes a note for the balance, constitutes the transferee the "successor in interest" of the creditor, within the meaning of Civil Code, section 3439, which renders all conveyances by a debtor, made with the intent of defrauding any creditor, void, as against all creditors and their "successors in interest." [1]

---

[1] Cited in note in Ann. Cas. 1912D, 550, on the validity of assignment of right to file bill in equity for fraud committed on assignor.

**Fraudulent Conveyance.—A Gift of Land by a Father to His Son** is not void as against creditors of the father, unless the latter had not, at the time of the gift, sufficient property subject to execution to satisfy his debts.

**Fraudulent Conveyance—Gift to Son.—The Return of an Execution** nulla bona five years after the making of the gift is not sufficient to establish the father's insolvency when the gift was made.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

F. J. Castlehun for appellant; H. H. Lowenthal for respondents.

WORKS, J.—This was a suit by a judgment creditor to have declared fraudulent and void certain transfers of real property by the defendant Adam Bootz to his wife and children. The trial court gave judgment for the defendants, and the plaintiff appeals.

The court found that there was no fraudulent intent, and that the grantor was solvent and able to pay his debts at the time the deeds were made. Whether this finding was sustained by the evidence or not is the only question necessary to examine.

It was admitted at the trial that the deeds were deeds of gift; and the evidence shows, without conflict, that at the time of their execution the donor was indebted to one Severin in the sum of $1,000. Subsequently Severin became in need of money, and borrowed $1,000 from the plaintiff, and it was agreed between the parties that the indebtedness of the donor to Severin should be transferred to the plaintiff, and that due from Severin to the plaintiff should be released. This was done, but, instead of the old note being transferred to the plaintiff, the donor made a payment to her of $200, and gave a new note for the balance, viz., $800. The form of the indebtedness was changed, and the amount was reduced, but, in substance, it was a continuation of the old debt; and, in our opinion, the plaintiff was "the successor in interest" of an existing creditor within the meaning of section 3439 of the Civil Code. The question of intent was one of fact (Civ. Code, secs. 1227, 3442), and the bur-

*For subsequent opinion in bank, see 92 Cal. 617, 28 Pac. 557.

den of proving the fraudulent intent rested upon the plaintiff. The right of a creditor to go upon property conveyed by his debtor to a third party rests upon two foundations, viz., that the conveyance was fraudulent, and that the grantor had not other property at the time suit is brought, subject to execution, out of which his debt can be made. Proof that the debtor made the conveyance without consideration, that he was then indebted, and that he had not other property at the time of the conveyance, subject to execution, to satisfy such indebtedness, would be sufficient prima facie to establish the fact that the conveyance was fraudulent as against creditors. If the debtor had other property at the time of the conveyance, sufficient to satisfy his debts, the fraud would not be made out unless there was other evidence. If the debtor has other property at the time suit is brought, sufficient to satisfy his debts, his creditors are not injured, no matter what the original intention in making the conveyance may have been; and the creditor, not being injured, has no cause of action, and no right to subject property in the hands of a third party to the payment of his debt. It would seem to be unnecessary to cite authorities to sustain so plain a proposition, but we refer to Albertoli v. Branham, 80 Cal. 632, 13 Am. St. Rep. 200, 22 Pac. 404, in which this court said: "Where a creditor attacks a transfer of property made by his debtor on the ground that such transfer was made to defraud, hinder, or delay creditors, facts must be alleged showing that the conveyance was made in such manner and under such circumstances as to have that effect. Therefore it must appear that, at the time the conveyance was made, the debtor had not other property subject to execution out of which his debts could be satisfied: Evans v. Hamilton, 56 Ind. 34; Deutsch v. Korsmeier, 59 Ind. 373; Pfeifer v. Snyder, 72 Ind. 78. This allegation is necessary to show that the conveyance was in fact fraudulent as against the creditors. If the debtor has other property, subject to execution, sufficient to satisfy his indebtedness, the conveyance cannot amount to a fraud on his creditors; and, where the attempt is made to set aside a conveyance on such grounds, it must appear from the complaint that, at the time the action is commenced, the debtor had not other property sufficient to satisfy his debts:

Bruker v. Kelsey, 72 Ind. 51; Sherman v. Hogland, 54 Ind. 578. This is for the reason that the conveyance, although made for the purpose of defrauding creditors, is valid as between the parties, and cannot be set aside, unless it appears to be necessary for the protection of the creditor, and no such necessity exists if, at the time he commences his action, there is other property of the debtor out of which his debt can be made."

The complaint in the case at bar contained these necessary allegations, and was sufficient. But there was no evidence even tending to show that, at the time the conveyances were made, the grantor was not possessed of other property amply sufficient to satisfy his debts. The declarations of the grantor, relied upon by the appellant as establishing the fact, do not relate to the time of the conveyance. An execution was issued and returned nulla bona, but this was several years after the conveyances were made; and, while this was sufficient prima facie to prove his insolvency at that time, it could not be held to establish the fact that he had no property nearly five years before. Judgment and order affirmed.

We concur: De Haven, J.; Paterson, J.

---

*For subsequent opinion in bank, see 95 Cal. 92, 30 Pac. 480.