[Civ. No. 1108.    Second Appellate District.—June 8, 1912.]

WILLIAM A. BAXTER, Respondent, v. J. A. BAXTER and WILLIAM A. HAMMEL, Sheriff of County of Los Angeles, etc., Defendants; J. A. BAXTER, Appellant.

CONVEYANCE OF WHOLE PROPERTY CONSISTING OF REAL ESTATE—CONSIDERATION OF FUTURE SUPPORT—LEGAL EFFECT—USE OF GRANTOR—EXECUTION FOR PRIOR DEBT.—The legal effect of a conveyance of the whole property of the grantor, consisting of real estate of the value of $5,000, to the plaintiff, in consideration of an agreement on the part of the plaintiff to keep, maintain and care for the grantor during her lifetime, was transfer the property to the use of the grantor, who, having no other property out of which a judgment subsequently rendered against her for a debt subsisting against her when the deed was made, had an interest in the property, in so far as it exceeds the support already given, which is subject to an execution for such prior debt.

ID.—TRANSFER PRESUMPTIVELY FRAUDULENT AGAINST EXISTING CREDITORS.—As against existing creditors, no one can transfer all of his property in consideration of future support, so as to defeat any such creditor in enforcing his claim; but under such circumstances the law presumes the act to be done with fraudulent intent to hinder and delay the creditor in the collection of his debt.

ID.—EFFECT AND NATURE OF ESTOPPEL—ESSENTIAL ELEMENTS.—The effect of an estoppel, since it denies an owner's right to assert his claim, is to transfer his property to another. Hence, in order to justify a court of equity in decreeing an estoppel, there must not only be some degree of turpitude in his conduct, but it must appear, "first, that the party making the admission by his declarations or conduct, was apprised of the true state of his own title; second, that he made the admission with the express intention to deceive, or with such carelessness and culpable negligence as to amount to constructive fraud; third, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and fourth, that he relied strictly upon such admission, and will be injured by allowing it to be disproved."

ID.—FINDINGS NOT SUSTAINING CLAIM OF ESTOPPEL OF CREDITOR.—Measured by the equitable rule of estoppel, the findings disclose no facts upon which to predicate the claim that defendant is estopped from enforcing the collection of his prior debt against the property transferred for the support of plaintiff. The facts found show no degree of turpitude in the defendant's conduct. As matter of law, plaintiff is presumed to have known that the conveyance was fraud-

ulent as to existing creditors, and it was his duty to inquire and ascertain whether there were existing creditors; nor is it made to appear that defendant knew that his debtor was divesting herself of all her estate. The findings show that plaintiff did not rely upon defendant's silence, but upon the validity of the deed, and he cannot be held to have relied upon the doctrine of estoppel.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

Edw. F. Wehrle, for Respondent.

SHAW, J.—On March 9, 1906, one E. M. Baxter by deed conveyed all her property, consisting of certain real estate of the value of $5,000, to plaintiff herein, the consideration therefor being an agreement on the part of plaintiff to keep, maintain and care for her during her lifetime. Upon the execution of the deed plaintiff entered upon the duties imposed upon him by his agreement. At the date of the transaction E. M. Baxter was indebted to J. A. Baxter in the sum of $669.83, for which sum, in an action instituted on October 17, 1906, a judgment was duly recorded against her. Thereafter, by virtue of an execution issued upon the judgment, the sheriff levied upon all interest of the judgment debtor in the real property so conveyed by her to plaintiff and advertised the same for sale to satisfy such execution. This action was brought to perpetually enjoin the sale of the property. Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant J. A. Baxter appeals.

It clearly appears that the effect of the conveyance was a transfer of the property to the use of the grantor, and since she possessed no other property out of which payment of the judgment so rendered could be enforced, she, in so far at least as the value of the property exceeded the value of the support theretofore given, had an interest therein subject to execution. As against existing creditors, one cannot transfer all his property in consideration of future support and thus defeat the

creditor in enforcing his claim. Under such circumstances the law presumes the act to be done with fraudulent intent to hinder and delay the creditor in the collection of his debt. (*Harris* v. *Brink,* 100 Iowa, 366, [62 Am. St. Rep. 578, 69 N. W. 684] ; *Davidson* v. *Burke,* 143 Ill. 139, [36 Am. St. Rep. 367, 32 N. E. 514] ; *Sidensparker* v. *Sidensparker,* 52 Me. 481, [83 Am. Dec. 527] ; *Harting* v. *Jockers,* 136 Ill. 627, [29 Am. St. Rep. 341, 27 N. E. 188].)

At the close of the evidence plaintiff, by leave of court, filed an amendment to his complaint, wherein, among other matters pleaded by way of estoppel, it was alleged that defendant "agreed and consented that the plaintiff should take said property; that the same should be conveyed to him by said E. M. Baxter in consideration of such care and maintenance." This alleged fact, denied by the answer, tendered a material issue which, if found in favor of plaintiff and relied upon by him, would estop defendant from enforcing his claim against the property. The court, however, failed to make any finding thereon. As to other allegations, the court found: "That on said ninth day of March, 1906, and prior to the execution of the deed described in the complaint on file herein, wherein and whereby E. M. Baxter deeded, granted, bargained, sold, conveyed and confirmed unto W. A. Baxter all the property described in the complaint, the defendant J. A. Baxter had knowledge and notice that the said E. M. Baxter contemplated and intended to convey said property to said W. A. Baxter, the plaintiff herein, in consideration of the plaintiff agreeing to care for and maintain the said E. M. Baxter for and during the term of her natural life, and said J. A. Baxter did not object to such conveyance of said property"; "that immediately after the execution of said deed, and before the plaintiff entered upon the performance of his agreement and contract to so maintain said E. M. Baxter, the defendant J. A. Baxter had notice and knowledge of the execution of said deed, for the purposes hereinbefore mentioned"; "that he, the said W. A. Baxter, at no time prior to a few days before the commencement of that certain action brought in the superior court of the county of Los Angeles, state of California, by the defendant, J. A. Baxter against E. M. Baxter, being action No. 53,853 of said court, wherein a judgment was rendered on or about the eighth day of March, 1907, in favor of the defendant

J. A. Baxter, had no notice or knowledge that the defendant J. A. Baxter had any claim against the said E. M. Baxter, or that the defendant J. A. Baxter made any claim that said E. M. Baxter was indebted to him, said J. A. Baxter, in any sum whatsoever; that plaintiff informed said J. A. Baxter of the execution and delivery of said deed on the day the same was executed and delivered, and that the defendant J. A. Baxter made no objection of any kind or nature to the same; that plaintiff closed his business in the city of Monrovia, California, and then and there took charge of said E. M. Baxter and devoted the greater part of his time to her care; that it was impossible for plaintiff to care for said E. M. Baxter under the terms of his contract so executed with her without closing and discontinuing his said business in the city of Monrovia, California, aforesaid; that defendant J. A. Baxter had notice and knowledge of all of the foregoing facts"; "that the defendant J. A. Baxter did not at any time give plaintiff herein any notice of any claim against said E. M. Baxter until a few days before the commencement of that certain action brought by J. A. Baxter against said E. M. Baxter hereinbefore referred to; that plaintiff, relying upon said deed so made and executed by said E. M. Baxter, entered upon the performance of his said contract, and ever since said date has been and now is caring for and maintaining said E. M. Baxter"; "that plaintiff, prior to and before he had any notice or knowledge of any claim of said J. A. Baxter against said E. M. Baxter, had for many months cared for and maintained said E. M. Baxter and had disposed of and closed his said business to enable him to carry out the terms of said agreement so made between plaintiff and said E. M. Baxter for her care and maintenance."

The effect of an estoppel, since it denies the owner's right to assert his claim, is to transfer his property to another. Hence, in order to justify a court of equity in decreeing an estoppel, there must not only be some degree of turpitude in his conduct, but it must appear, "first, that the party making the admission by his declarations or conduct, was apprised of the true state of his own title; second, that he made the admission with the express intention to deceive, or with such careless and culpable negligence as to amount to constructive

19 Cal. App.—16

fraud; third, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and, fourth, that he relied directly upon such admission, and will be injured by allowing its truth to be disproved.'' (*Boggs* v. *Merced M. Co.*, 14 Cal. 368.)    Measured by the rule thus laid down, the findings disclose no facts upon which to predicate the claim that defendant is estopped from enforcing the collection of his debt against the property. All that appears therefrom is that, prior to the execution of the deed, defendant knew of the intention of E. M. Baxter to transfer the real estate to plaintiff in consideration of the latter's promise to support her for life, and that when informed of the execution of the deed he interposed no objection to the transaction; that at the time plaintiff did not know that defendant was a creditor of E. M. Baxter, and that defendant, with knowledge that plaintiff had entered upon the performance of his duties pursuant to the contract, did not acquaint him with the fact that he was a creditor of E. M. Baxter until a short time before instituting suit against her for the collection of the debt.   There is nothing in the facts found to show any degree of turpitude in defendant's conduct. As a matter of law, plaintiff is presumed to have known the transaction was fraudulent as to existing creditors; hence, it was his duty, since he had the means of acquiring such knowledge, to make inquiry and ascertain whether or not there were existing creditors. Neither is it made to appear that defendant knew that E. M. Baxter, his debtor, was divesting herself of title to all her estate. If she had other property sufficient to pay his debt, then such transfer was not a matter which concerned him. (*Harting* v. *Jockers*, 136 Ill. 627, [29 Am. St. Rep. 341, 27 N. E. 188].) Moreover, the findings clearly show that plaintiff did not rely upon the silence of defendant in failing to give him notice of the fact that he was a creditor of E. M. Baxter, but it is expressly stated that he relied upon the validity of the deed whereby he acquired the property. Since plaintiff relied upon the deed, rather than upon anything done or omitted to be done by defendant, and without which reliance there can be no estoppel, he cannot claim to have relied upon the doctrine of estoppel. (*Powell et al.* v. *Rogers*, 105 Ill. 318.) Certainly it cannot be said that a creditor of one who fraudu-

lently transfers his property will, as against the fraudulent grantee, be estopped from asserting his claim because, having knowledge of the proposed transfer, he fails to act affirmatively and notify such grantee that he is a creditor.

The facts found are insufficient to constitute an estoppel against defendant, and the judgment and order are, therefore, reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1912.