BARR v. RODERICK et al. (two cases).

(District Court, N. D. California, S. D. September 22, 1925.)

Nos. 1396, 1397.

1. Courts ⬥⇒347—Bankruptcy trustee's suit to set aside conveyances of realty to different grantees as fraud on creditors held not to improperly join causes of action and parties, where each involved same facts (equity rule 26; Code Civ. Proc. Cal. § 427).

Under equity rule 26, suit by bankruptcy trustee to set aside conveyances of realty to separate grantees by bankrupt as fraud on creditors *held* not improperly to join causes of action and parties, where each cause depended largely on same facts, and Code Civ. Proc. Cal. § 427, will not be given application.

2. Equity ⬥⇒148(1)—Suit to set aside bankrupt's conveyances, on theory that they were part of unlawful scheme to defraud creditors, held not improperly to join two causes of action in one count.

Suit by bankruptcy trustee to set aside bankrupt's conveyances of realty to separate grantees as fraud on creditors did not improperly state two causes of action in one count, where complaint was framed on theory that conveyances were part of unlawful scheme, and that everything done in carrying out scheme was fraudulent and void, and to require all who received property through it to account.

3. Bankruptcy ⬥⇒185—Bankruptcy trustee has same right to avoid bankrupt's transfer of property as creditor has under state law (Bankruptcy Act, § 70e [Comp. St. § 9654]).

Bankruptcy Act, § 70e (Comp. St. § 9654), empowering bankruptcy trustee to avoid any transfer of property by bankrupt which any creditor might have avoided, gives trustee such rights as creditor would have under state law.

4. Fraudulent conveyances ⬥⇒211—"Successors in interest," within statute making conveyances void as to creditors and their successors in interest, includes assignees (Civ. Code Cal. § 3439).

Under Civ. Code Cal. § 3439, providing that transfers of property made with intent to delay or defraud creditors and their successors in interest are void, "successors in interest" includes assignees.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Successor in Interest.]

5. Fraudulent conveyances ⬥⇒209—Under California statute, rights given to creditors to set aside debtor's conveyances as fraudulent are not limited to existing creditors, where fraud is alleged (Civ. Code Cal. §§ 3439, 3442).

Civ. Code Cal. § 3442, providing that debtor's transfer of property is fraudulent and void as to existing creditors, if made while insolvent or in contemplation of insolvency, applies only where fraud is not alleged, and does not limit rights given by section 3439, applicable to cases of fraud, to creditors existing at time of transfer.

6. Bankruptcy ⬥⇒302(1)—Complaint alleging bankrupt's voluntary transfer of property to hinder and defraud payees of notes and their assignees held to make out fraud as to existing and subsequent creditors, including assignees (Civ. Code Cal. §§ 3439, 3442).

Complaint in bankruptcy trustee's suit to set aside conveyances of bankrupt's property, alleging that bankrupt voluntarily conveyed realty in contemplation of insolvency with intent to hinder, delay, and defraud payees of bankrupt's notes and their assignees, *held* to make out cause of action for fraud as to existing and subsequent creditors, including assignees, under Civ. Code Cal. §§ 3439, 3442.

7. Equity ⬥⇒46—Principle that equity will grant no relief where adequate remedy at law exists must be limited to cases in which there is adequate legal remedy against defendants before the court (Judicial Code, § 267 [Comp. St. § 1244]).

Fundamental principle, under Judicial Code, § 267 (Comp. St. § 1244), that equity will grant no relief where there is adequate remedy at law, must be limited strictly to cases in which there is adequate legal remedy against defendants before the court.

8. Bankruptcy ⬥⇒185 — Claims of creditors need not be reduced to judgment to entitle bankruptcy trustee to sue to set aside bankrupt's conveyances as fraud on creditors (Bankruptcy Act, § 47 [2], being Comp. St. § 9631).

Under Bankruptcy Act, § 47 (2), being Comp. St. § 9631, providing that bankruptcy trustee, as respects property not in custody of bankruptcy court, has all rights of judgment creditor, claims of bankrupt's creditors need not be reduced to judgment to entitle trustee to sue to set aside conveyances as fraud on creditors.

In Equity. Suits by J. C. Barr, as trustee in bankruptcy of Clara E. Jameson, bankrupt, against M. L. Roderick and others. On defendants' motions to dismiss suits. Motions denied.

A. B. Reynolds, of Sacramento, Cal., and Robert L. McWilliams, of San Francisco, Cal., for complainant.

C. M. Booth and Thomas J. Riordan, both of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. On December 30, 1922, defendants Clara E. and Zachariah G. Jameson made, executed, and delivered to Charles F. Silva their promissory note 'for $10,000 payable three years after date. Two days later these defendants made, executed, and delivered to H. E. Blackwell their promissory note for $7,500, payable one year after date. Subsequently, on the 6th and 15th days of January, 1923, respectively, these defendants conveyed, by deeds recorded on January 6, 1923, and January 17, 1923, two separate parcels of land, title to which had been in them on and prior to December 30, 1922, to defendants W. L. Jameson and M. L. Roderick, respectively. On or about July 14, 1924, the title of said W. L. Jameson was acquired by said M. L. Roderick, who is alleged to have incumbered both parcels.

On November 8, 1924, Clara E. and Zachariah G. Jameson filed voluntary petitions in bankruptcy and were duly adjudicated bankrupts. Thereafter J. C. Barr was elected trustee in bankruptcy in each of said proceedings, and has brought these two actions against W. L. Jameson, M. L. Roderick, and their grantees, all of whom are alleged to have taken with notice of all of the facts set forth in the respective complaints, in which he charges that the above conveyances are fraudulent, voluntary, and were made in contemplation of insolvency, and for the purpose of hindering, delaying, and defrauding Charles F. Silva, H. E. Blackwell, and their assigns. The relief sought is that said conveyances be set aside as void, because in fraud of creditors; that an injunction pendente lite issue, restraining said defendants from selling, conveying, or incumbering said two parcels of land; and that a receiver be appointed to collect and hold the rents, issues, and profits thereof.

Defendants move that said actions be dismissed for the reasons: (1) That causes of action and parties have been improperly joined; (2) that two causes of action have been stated in one count and not separately stated; (3) that it is not alleged that the notes, admittedly now in the hands of assignees of the original payees, were transferred to these latter before the making and recording of the two conveyances in which the bankrupts joined; (4) that it is not alleged that said assignees have exhausted their legal remedies against the assignors; and (5) that the debt itself in neither case has been reduced to judgment.

[1] 1. The first ground of objection is disposed of by federal equity rule 26. This rule, while recognizing the necessity for a joint interest in the subject-matter of the action on the part of the plaintiffs, and which must be asserted against all the material defendants, also permits an exception to these general requirements if "sufficient grounds appear for uniting the causes of action in order to permit the convenient administration of justice." The applicability of this rule to the facts disclosed by the complaints is apparent, for it is plain that, even if they give rise technically to two causes of action, each depends in large measure upon identical facts (Eclipse Machine Co. v. Harley-Davidson Motor Co. [D. C.] 244 F. 463, 464); and, of course, if the case comes within the purview of this federal equity rule, the provisions of the California Code of Civil Procedure (section 427) are not to be given application.

[2] 2. Moreover, an analysis of the situation here presented reveals the fact that no attempt has been made to join two or more causes of action, which answers the defendants' further objection that different causes of action have not been separately stated. The transfer of each parcel of land has been treated by the plaintiff as an act done in pursuance of an unlawful scheme, and the complaint is framed upon the theory that in equity a right existed in the plaintiff to have everything which was done in carrying out that scheme adjudged fraudulent and void, and to require all those who had received any property through it to account for the amount so received. Wood v. Sidney Sash, Blind & Furniture Co., 37 N. Y. S. 885, 886, 92 Hun, 22.

[3, 4] 3. On the question whether or not the plaintiff has the right to have these conveyances set aside the law of the state of California governs. Section 70e of the Bankruptcy Act (Comp. St. § 9654) specifically empowers the trustee to avoid any transfer which any creditor of the bankrupt might have avoided, and this has been construed by the Supreme Court of the United States to give to the trustee such rights as the creditor would have had under state law. Stellwagen v. Clum, 38 S. Ct. 215, 245 U. S. 605, 614, 62 L. Ed. 507. Section 3439 of the California Civil Code provides: "Every transfer of property * * * made * * * with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest." The Supreme Court of California, in construing this provision, has held that the term "successors in

interest" includes assignees. Windhaus v. Bootz, 25 P. 404, 3 Cal. Unrep. 351; Hobart v. Tyrrell, 8 P. 525, 68 Cal. 12, 13. This view is in accord with the weight of authority. 27 C. J. 478; Carr v. Goldstein, 98 So. 199, 210 Ala. 366 (1924).

[5] But it is urged by defendants that section 3442 of the California Civil Code limits the rights given by section 3439 to creditors existing at the time of the transfer. That section provides that a transfer cannot be adjudged fraudulent solely on the ground that it was not made for a valuable consideration, but that such a transfer, if made by a person while insolvent, or in contemplation of insolvency, is fraudulent and void as to existing creditors. It in no way limits the scope of section 3439, but applies only to a case such as that presented by plaintiff's second count, where insolvency and a voluntary conveyance are alleged, but fraud is not.

[6] That the facts alleged make out a case of fraud on existing creditors under section 3442 is clear, for the notes are alleged to have been outstanding when the transfers were made. And it has been held that such facts make a prima facie case in favor of subsequent creditors. Hemenway v. Thaxter, 90 P. 116, 150 Cal. 737, 741. It is the general rule—and it is so stated in the note of the Code commissioners to section 3439— that subsequent creditors, like existing creditors, may impeach a voluntary conveyance that is made for the purpose of defrauding them. See Ann. Cas. 1914A, 602, note; Schell v. Gamble, 95 P. 870, 153 Cal. 448; Bush & Mallett Co. v. Helbing, 66 P. 967, 134 Cal. 676, and cases cited. Here it is alleged that the conveyances in question were made for the purpose of hindering and delaying, not only the original holders of these notes, but also their assigns. Even assuming that the assignees of a creditor in fraud of whom a conveyance is made do not succeed to his rights, but are to be treated as future creditors, in any case a transfer in fraud of assignees has been sufficiently stated.

[7] 4. Defendants' contention that it does not appear that the assignees have exhausted their legal remedies against their assignors is equally unavailing. The fundamental principle (Judicial Code, § 267 [Comp. St. § 1244]) that equity will grant no relief where an adequate remedy at law exists, must be limited strictly to cases in which there is an adequate legal remedy against the defendants before the court. No authority has been cited to the contrary, and the point has been squarely decided in two Connecticut cases—

Middletown Bank v. Russ, 3 Conn. 135, 8 Am. Dec. 164; New London Bank v. Lee, 11 Conn. 112, 27 Am. Dec. 713.

[8] 5. Defendants' final objection that the bill contains no allegation that either of the banks has reduced its debt to judgment is not well founded. Section 47(2) of the Bankruptcy Act (Comp. St. § 9631) provides as follows: "Such trustees, * * * as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The motions are denied, an injunction pendente lite will issue, and a receiver will be appointed as prayed.