[Civ. No. 5475. First Appellate District, Division One.—August 12, 1927.]

NORMAN MacDONALD CASTLETON, Respondent, v. P. O. PETERSON, Appellant.

Marion Vecki and Gilbert D. Ferrell for Appellant.

James P. Sweeney and Frank J. Fontes for Respondent.

TYLER, P. J.—Action to quiet title. The complaint is in the usual form. It alleges that defendant P. O. Peterson claims some interest in the property in question adverse to plaintiff and a judgment is sought declaring plaintiff to be the owner in fee absolute of the same. Defendant answering admitted a claim of interest based upon an attachment against the property which was issued in an action which had been prosecuted to judgment. At the same time he filed a cross-complaint against plaintiff and joined therein one Louisa N. Ostwald as a cross-defendant. This complaint alleges in substance that on the seventeenth day of October, 1921, a judgment was duly given and made in the superior court in and for the county of San Mateo, where the land is situated, in favor of the defendant and cross-complainant and against cross-defendant Louisa N. Ostwald for the sum of $410.17 principal; $147.66 interest and $24.30 costs of suit and that the same was duly entered and docketed on October 17, 1921; that thereafter an execution issued to enforce the judgment, which execution was returned by the sheriff of the county aforesaid wholly unsatisfied and that such return was made prior to the commencement of the present action; that on or about the twenty-ninth day of January, 1916, and prior to the entry of said judgment, but after the indebtedness upon which said judgment was rendered had been incurred, the cross-defendant Ostwald, for the express purpose of defrauding the defendant and cross-plaintiff's assignors, and to prevent him or his assignors from collecting the indebtedness upon which the judgment was founded, conveyed to plaintiff and cross-defendant Castleton, all of the real estate owned by her in the county of San Mateo, being the real property described in plaintiff's complaint; that plaintiff and cross-defendant Castleton knew of said indebtedness to the assignors of defendant and cross-

complainant Peterson, and received said conveyance so made with the intent and express purpose of defrauding cross-complainant and his assignors, and with the further intent and purpose of preventing the collection of the indebtedness and judgment, or any judgment that might be rendered thereon. Further allegations recite that there was no consideration for the conveyance of the said real property by cross-defendant Ostwald to Castleton, excepting a pretended agreement on the part of Castleton to support cross-defendant Ostwald during the term of her natural life; that said Ostwald after she had made the conveyance had no other property out of which the judgment could be satisfied in whole or in part. Judgment was prayed that cross-defendants deliver up said conveyance and that the same be canceled and declared void. Cross-defendants filed an answer denying that the conveyance was made in fraud of creditors or that it was without consideration. At the trial plaintiff identified a document which purported to be an agreement between him and Louisa N. Ostwald, cross-defendant, dated June 15, 1915, whereby she promised to convey to plaintiff all the real property described in the complaint in consideration of the payment to her by plaintiff of the sum of $100 and the assumption of a mortgage of $2,000 on the premises in question, and the support of her by plaintiff during the rest of her natural life. Plaintiff testified that he had paid to Mrs. Ostwald the $100 and assumed the mortgage. He thereupon rested. Marion Vecki, defendant's assignor, testified on behalf of defendant that plaintiff called on him on January 29, 1916, and presented a document dated the day previous and signed by Mrs. Ostwald, demanding the surrender of a certain promissory note executed by her, and upon his refusal to surrender the same was informed by plaintiff that he and Mrs. Ostwald would so arrange it that he would not be paid. This promissory note was the obligation assigned to Peterson and upon which he had recovered the judgment hereinabove referred to. Plaintiff Castleton admitted that he had made such demand, but denied the statement attributed to him. Vecki further testified that the property conveyed to plaintiff by cross-defendant Ostwald was reasonably worth the sum of $8,000. It is admitted by the pleadings that this is all the property that Mrs. Ostwald possessed. It further appeared that the promissory note executed by Mrs. Ostwald on October 16, 1915,

in favor of Vecki was a renewal note and that part of the original obligation upon which it was based had been owing for about a year prior to the execution of the note. It also appeared that Vecki knew at the time Mrs. Ostwald executed the note that she was the owner of the property in question and he claims that the credit extended to her was in reliance of such ownership. Upon the evidence the trial court found that the conveyance was not fraudulent, but that the same had been made in good faith and judgment was rendered in favor of plaintiff quieting his title. Defendant and cross-complainant Peterson appeals from such decree. We are of the opinion that there is no evidence in the record to contradict the presumption that the conveyance was made with fraudulent intent. As against creditors no one can transfer all of his property in consideration of future support so as to defeat any such creditor in enforcing his claim, for under such circumstances the law presumes the act to be done with fraudulent intent to hinder and delay the creditor in the collection of his debt. (*Baxter* v. *Baxter,* 19 Cal. App. 239 [125 Pac. 359]; *Ceiner* v. *Hawes,* 59 Cal. App. 687 [211 Pac. 849]; *Potts* v. *Mehrmann,* 50 Cal. App. 627 [195 Pac. 941].) Here the evidence shows without conflict that Mrs. Ostwald at the time she made the conveyance to plaintiff was indebted to defendant's assignor on a promissory note and the pleadings admit that by her conveyances she dispossessed herself of all of her property. By such transfer she became insolvent and rendered herself incapable of paying her debts. Such an act is a fraud upon a creditor and should not be countenanced in a court of Justice. (*Frank* v. *Moran,* 36 Cal. App. 37 [171 Pac. 841].)

The judgment is reversed.

Cashin, J., and Knight, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 10, 1927.